ATTORNEY FOR APPELLANT
Stephen Gerald Gray
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Stephen A. Semotuk
Carmel, Indiana

# In the
# Indiana Supreme Court

No. 49S02-0606-CV-205

CARSON LUTZ,

*Appellant (Defendant below),*

v.

ERIE INSURANCE EXCHANGE, AS
SUBROGEE OF PAUL MCCORMICK,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49D13-0203-CC-0482
The Honorable S.K. Reid, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0503-CV-180

**June 8, 2006**

**Boehm, Justice.**

A party's pleadings are subject to judicial notice and a fact admitted in a party's pleading may be binding on that party as a judicial admission even if it is not subject to judicial notice.

**Facts and Procedural History**

In spring 2001, Kathryn McCormick was in a funeral procession traveling eastbound on Washington Street in Indianapolis. Indianapolis police officer Christopher Morgan had stopped his motorcycle in the intersection of Washington Street and Post Road and was directing traffic as the funeral procession approached. Carson Lutz, traveling southbound on Post Road, entered the intersection and collided with McCormick. McCormick's automobile insurer, Erie Insurance

Exchange, paid $4,533.42 for repair to McCormick's vehicle and then, as subrogee, sued Lutz for that amount. Lutz filed a third party complaint against McCormick asserting that her negligence caused the accident and that he suffered both personal injuries and damage to his vehicle.

At trial, McCormick testified on direct examination that she could not recall whether the traffic signal was red or green as she entered the intersection. On cross-examination, Lutz's attorney presented McCormick with her answer to Lutz's complaint in which McCormick admitted that "she entered the intersection against the red light as part of a funeral procession and as directed by the uniformed police officer pursuant to I.C. § 9-21-13-1." Lutz's attorney then requested the court to take judicial notice of this admission. This request was denied. The jury allocated fault 10% to McCormick, 80% to Lutz, and 10% to a nonparty and awarded $3,626.74 to Erie. Lutz appealed and the Court of Appeals affirmed, concluding that the trial court correctly denied Lutz's request for judicial notice. Lutz v. Erie Ins. Exch., 838 N.E.2d 1181, 1187 (Ind. Ct. App. 2005).

Lutz argues that the trial court was required to take judicial notice of (1) the fact that McCormick admitted that the color of the light was red in her answer, and (2) the fact that the light was red. The Court of Appeals correctly held that the latter of these two was not a proper subject of judicial notice. Lutz, 838 N.E.2d at 1187. However, because the former is a pleading, it is judicially noticeable, and once McCormick's answer is noticed, the latter, as an admission in a party's pleading, is a judicial admission.

Indiana Rule of Evidence 201 governs judicial notice. It reads in relevant part:

(a) Kinds of facts. A court may take judicial notice of a fact. A judicially-noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
(d) When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.
(g) Instructing the jury. In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed.

The Court of Appeals was correct that the color of the light was not the type of fact appropriate for judicial notice. A judicially-noticed fact must be "one not subject to reasonable dispute" be-

2

cause it is "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The color of a traffic light at any particular time and place is plainly not generally known or resolvable by resort to any unquestionable source.

The court may take judicial notice that McCormick admitted in her answer that the color of the light was red. It is well settled in Indiana that a trial court may judicially notice a party's pleadings, whether or not facts recited in those pleadings are susceptible of judicial notice. See Owen v. State, 272 Ind. 122, 129, 396 N.E.2d 376, 381 (1979); Brown v. Jones, 804 N.E.2d 1197, 1202 (Ind. Ct. App. 2004), trans. denied; Sanders v. State, 782 N.E.2d 1036, 1038-39 (Ind. Ct. App. 2003). McCormick's admission in her answer, once noticed, became a judicial admission as a matter of law. Statements contained in a party's pleadings may be taken as true as against the party without further controversy or proof. 13 Robert Lowell Miller, Jr., Indiana Practice § 801.422, at 561 (2d ed. 1995). Unless a pleading is withdrawn or superseded, any admission contained in the pleading is conclusive as to that party. Id. The reason for this is that pleadings are designed to narrow the issues required to be tried. See, e.g., Sundstrand Corp. v. Standard Kollsman Indus., Inc., 488 F.2d 807, 811 (7th Cir. 1973) ("pleading is important only to inform the opposing party of what is claimed and the grounds upon which the claim rests."); Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (pleading "serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds."). Opposing parties prepare their case on the assumption that facts admitted by other parties require no proof. For this scheme to work properly, parties must be entitled to rely on trial courts to treat admissions in pleadings as binding on the party making the admission.

Because McCormick's answer was a party admission, under Evidence Rule 201(g) Lutz was entitled to an instruction that as to McCormick the light was red. However, it is unclear that Lutz requested such an instruction, and in any event he was not prejudiced by the absence of an instruction because the jury was properly instructed that a funeral procession has the right of way, but drivers in the procession are to exercise due care. Accordingly, any error was harmless.

3

## Conclusion

We summarily affirm on all issues not addressed in this opinion.  Ind. Appellate Rule 58(A)(2).  Transfer is granted.  The judgment of the trial court is affirmed.

Shepard, C.J., Dickson, Sullivan, and Rucker, JJ., concur.