Leanethi LUPHAHLA, Appellant–
Plaintiff.

v.

MARION COUNTY SHERIFF'S
DEPARTMENT, Appellee–
Defendant.

No. 49A02–0609–CV–752.

Court of Appeals of Indiana.

July 2, 2007.

Swaray E. Conteh, Indianapolis, IN, Attorney for Appellant.

Lakshmi Hasanadka, Indianapolis, IN, Attorney for Appellee.

**OPINION**

BARTEAU, Senior Judge.

*STATEMENT OF THE CASE*

Plaintiff–Appellant Leanethi Luphahla appeals the trial court's grant of Defendant–Appellee Marion County Sheriff's Department's (Sheriff's Department) motion for judgment on the evidence.

We affirm.

*ISSUE*

Luphahla raises one issue for our review, which we restate as: whether the trial court erred by granting the Sheriff's Department's motion for judgment on the evidence.

*FACTS AND PROCEDURAL HISTORY*

On December 25, 2002, Luphahla was involved in an accident on Michigan Road in Indianapolis. She filed her complaint alleging that Marion County Sheriff Deputy David Loyal caused the accident by coming into her lane of travel, hitting her car and causing her injury. The Sheriff's Department filed its answer, affirmative defenses and counterclaim, in which it claimed that Luphahla crossed into oncoming traffic and hit Deputy Loyal's vehicle,

causing him injury.[1] The cause went to trial. Following Luphahla's presentation of her case-in-chief, the Sheriff's Department moved for a judgment on the evidence. The trial court granted the Sheriff's Department's motion for judgment on the evidence, as well as the Sheriff's Department's motion to dismiss its counterclaim. Luphahla then filed a motion to correct error, which the trial court denied. This appeal ensued.

## DISCUSSION AND DECISION

Luphahla contends that the trial court erred by granting the Sheriff's Department's motion for judgment on the evidence. She argues that the trial court failed to consider the evidence and reasonable inferences most favorable to her in making its decision to grant the Sheriff's Department's motion.

■■■ The decision to grant or deny a motion for judgment on the evidence is a matter within the broad discretion of the trial court, and, therefore, the trial court's determination will be reversed only for an abuse of that discretion. *Stowers v. Clinton Central School Corp.*, 855 N.E.2d 739, 747 (Ind.Ct.App.2006), *trans. denied* (2007). When reviewing a trial court's ruling on a motion for judgment on the evidence, this Court uses the same standard as the trial court. *State Farm Mutual Automobile Insurance Co. v. Noble*, 854 N.E.2d 925, 931 (Ind.Ct.App.2006), *trans. denied* (2007). Judgment on the evidence is proper where all or some of the issues in a case are not supported by sufficient evidence. *See* Ind. Trial Rule 50(A). We examine only the evidence most favorable to the non-movant, as well as the reasonable inferences that may be drawn from that evidence. *State Farm*, 854 N.E.2d at

931. A motion for judgment on the evidence should be granted only when there is no substantial evidence supporting an essential issue in the case. *Id.* Judgment on the evidence is improper if there is evidence that would allow reasonable people to differ as to the result. *Id.*

■■■ Luphahla's case sounds in negligence. To establish a claim of negligence, a party must show (1) a duty, (2) a breach of that duty, and (3) injury resulting from the breach. *Bowman ex rel. Bowman v. McNary*, 853 N.E.2d 984, 990 (Ind.Ct.App. 2006). Neither party argues that Deputy Loyal did not have some type of duty to Luphahla and other motorists on the road that day; rather, the disagreement exists with regard to the breach of that duty and the cause of Luphahla's injuries. Luphahla's case-in-chief consisted solely of Luphahla's testimony and documentary evidence, such as medical bills and photos. Luphahla testified that as she was approaching the traffic light, it was red. The light turned to green as she reached the intersection, and she remembers nothing after that point. Luphahla also testified as to her injuries, which included a broken pelvis and fractured ribs.

■■■ With this evidence, Luphahla failed to show that Deputy Loyal breached his duty and that this breach caused her injuries. She merely presented evidence that she was involved in an accident and that she sustained injuries as a result of the accident. The trial court noted this lack of evidence in granting the Sheriff's Department's motion for judgment on the evidence. The court stated, "... it's a difficult case for [Luphahla] since she has no recollection of the accident or how it occurred." Tr. at 82. A plaintiff's burden

---

1. Deputy Loyal also filed a third party complaint against Luphahla which was dismissed prior to trial.

may not be fulfilled by evidence based merely upon supposition or speculation. *Topp v. Leffers,* 838 N.E.2d 1027, 1033 (Ind.Ct.App.2005), *trans. denied,* 855 N.E.2d 998 (2006). Evidence which establishes only a mere possibility of cause or which lacks reasonable certainty or probability is not sufficient evidence by itself to support a verdict. *Id.* Luphahla had the burden to prove her case; however, she testified unequivocally that she could not remember anything after the traffic light turned green. She could not and did not testify that Deputy Loyal caused the accident and breached his duty in any manner. Luphahla is thus speculating that Deputy Loyal caused the accident. Because there is no substantial evidence supporting the essential issues of breach of duty and causation in this case, the trial court's grant of the Sheriff's Department's motion for judgment on the evidence was proper. *See State Farm,* 854 N.E.2d at 931.

Having determined that the trial court properly ruled on the Sheriff's Department's motion, we feel compelled to address an argument raised by Luphahla. In her brief, Luphahla suggests that she was required to prove Deputy Loyal's presence at the scene of the accident, that she did in fact do that, and, for that reason, the trial court erred in granting the Sheriff's Department's motion. Luphahla posits that even if she, personally, could not place Deputy Loyal at the scene, there existed evidence showing that he was involved in a collision with her. In her brief, Luphahla states, "... the record is replete with admissions by [Deputy Loyal] that he [ ] was involved in a collision with Luphahla." Appellant's Brief at 12. Particularly, she asserts that Deputy Loyal's counsel

made admissions in both pleadings and his opening statement that place Deputy Loyal at the scene of the accident, thereby fulfilling her burden to prove negligence on the part of Deputy Loyal. We will review each in turn.

■ Luphahla claims that, in his counterclaim and third party complaint, Deputy Loyal admits to the date and time of the accident and asserts that Luphahla caused the accident. In his counterclaim and third party complaint, Deputy Loyal does admit to the accident occurring at the date and time Luphahla has alleged. In addition, he claims that it was Luphahla who caused the accident. Inexplicably, Luphahla equates Deputy Loyal's admission to his presence at the scene of the accident and/or involvement in the accident with an admission of liability. This is simply not so.[2]

■ Further, Luphahla asserts that Deputy Loyal's counsel admitted in his opening statement to the jury that Deputy Loyal's vehicle "struck" Luphahla's car. Appellant's Brief at 14. Luphahla does not provide a cite to this particular statement in counsel's opening statement; however, our review of the transcript reveals that counsel explained to the jury that Deputy Loyal was traveling in the northbound lane when "all of a sudden and in a split second there's a dark mass that appears in [Deputy Loyal's] lane. And before he can even react to it, he has impact with what turns out to be Miss Luphahla's car." Transcript at 26–27. Counsel's opening statement is not evidence. Generally, an opening statement is not substantive evidence; rather, it acquaints the

---

**2.** Citing *Lutz v. Erie Insurance Exchange,* 848 N.E.2d 675 (Ind.2006), Luphahla argues that even though the pleadings were not entered into evidence at trial, the court can take judicial notice of the admissions in a party's

pleadings. It is not necessary to discuss this claim because the statements in the pleadings in this case do not amount to an admission of any element of Luphahla's negligence claim.

 

judge and jury with the facts that counsel intends to prove. *Lystarczyk v. Smits*, 435 N.E.2d 1011, 1014 (Ind.Ct.App.1982). If counsel makes a clear and unequivocal admission of fact, he or she has made a judicial admission that is binding upon his or her client. *Id.* "A judicial admission is a formal stipulation that concedes any element of a claim or defense." *Id.* at 1018 n. 4. In the present case, counsel's remarks simply show that Deputy Loyal was involved in a collision with Luphahla and reiterate his contention that the accident was caused by Luphahla. The opening statement does not concede any element of Luphahla's claim of negligence (i.e., duty, breach of duty, or injuries caused by breach of duty).

Finally, Luphahla contends that Deputy Loyal's counsel conceded in his opening statement that she sustained serious injuries as a result of this collision. Our review of the transcript discloses no such statement. Furthermore, even if such a comment existed in counsel's opening statement, it fails to prove the elements of Luphahla's claim. Stated another way, the comment might show she sustained injuries, but it fails to prove that Deputy Loyal breached his duty and that this breach caused Luphahla's injuries. Thus, counsel's opening statement provided no admissions of any element of Luphahla's claim.

■■■ This argument misses the mark. Luphahla had the burden of proving that Deputy Loyal breached his duty and, in doing so, caused her injuries. "Negligence cannot be inferred from the mere fact of an accident." *Pelak v. Indiana Industrial Services, Inc.*, 831 N.E.2d 765, 769 (Ind.Ct. App.2005), *reh'g denied, trans. denied*, 855 N.E.2d 1001 (2006). Deputy Loyal's presence at the scene and/or involvement in a collision does not establish a breach of duty on his part. It was Luphahla's duty to present evidence to prove Deputy Loy-

al's breach, and she was completely unable to fulfill that burden.

## CONCLUSION

Based upon the foregoing discussion and authorities, we conclude that the trial court properly exercised its discretion in granting the Sheriff's Department's motion for judgment on the evidence.

Affirmed.

MAY, J., and CRONE, J., concur.