**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 12 2014, 9:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HAWK P.C. KAUTZ**
Hobart, Indiana

ATTORNEYS FOR APPELLEES:

**TIMOTHY M. SWAN**
**GARAN LUCOW MILLER**
Merrillville, Indiana

**JASON L. HORN**
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ARAFAT ISA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 64A04-1307-CT-349 |
| | ) | |
| CATHERINE A. ADAMS, CHRISTOPHER J. PERRY, | ) | |
| and STATE FARM INSURANCE COMPANY, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-1008-CT-8994

**March 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Arafat Isa appeals the trial court's entry of judgment on the evidence in favor of Catherine A. Adams, Christopher J. Perry, and State Farm Insurance Company (collectively "the Defendants") on Isa's complaint seeking damages arising from a multi-vehicle collision. Isa presents a single issue for review, namely, whether the trial court erred when it granted the Defendants' oral motion for judgment on the evidence.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On the evening of February 5, 2010, Isa was driving westbound on I-94 in Porter County in a Chevrolet Impala owned by his father. The night was dark, it was snowing, and the road was slick. Ahead of Isa and also traveling westbound, Adams was driving a Cadillac Deville, and Jasmine N. Schirato was driving a Dodge Caravan ("the minivan"). Christopher Perry was driving a Dodge Charger and was also traveling westbound in the vicinity.

Around the 31.5-mile marker, I-94 westbound is three lanes wide, with a shoulder at the far left and beyond that a median barrier. As drivers neared that mile marker, their vehicles began to lose control on the slick road, resulting in several collisions. While traveling eastbound on I-94, Trooper Glenn Katayama of the Indiana State Police observed the westbound traffic backed up, so he turned around and located the collision site. He secured the area and found Isa, who was injured, in one of the vehicles involved. Trooper Katayama tried "to make sure he [Isa] was okay until the paramedics that came in the

2

emergency vehicle were able to take care of him properly." Transcript at 124. At the scene he also spoke with the other drivers involved in the accident.

Before the accident, Isa saw two vehicles in front of him, the Cadillac and the minivan, collide, so he took his foot off the gas pedal in an attempt to slow the Impala. When he realized that he was not slowing quickly enough, he pumped the brake while steering the Impala to the shoulder next to the median. He lost control and the back end of his vehicle slid until his front end was facing the median barrier and the Impala was blocking the far left travel lane, perpendicular to the direction of traffic. Isa looked out his driver's side window, eastward, and saw headlights approaching. His vehicle was then hit, rendering him momentarily unconscious. The impact spun his car until it was facing west again. Isa suffered broken ribs, a punctured lung, and a broken left clavicle in the accident, and the Impala sustained damage.

On August 18, 2010, Isa filed a complaint to recover damages arising from the February 5 collisions. In the complaint, Isa named as defendants each of the other three drivers. Because Adams was uninsured at the time of the accident, Isa also sought uninsured motorist coverage from State Farm Mutual Automobile Insurance Company ("State Farm"), Isa's father's insurer for the Impala, and 21st Century Insurance ("21st Century"), Isa's automobile insurer. On October 18, 2010, the parties stipulated to the dismissal of 21st Century with prejudice. All of the Defendants filed an answer except Adams, on whom service was not obtained.[1]

---

[1] "A trial court does not acquire personal jurisdiction over a party if service of process is inadequate." Munster v. Groce, 829 N.E.2d 52, 57 (Ind. Ct. App. 2005). But "[a] claim of lack of personal jurisdiction may of course be waived . . . ." Stidham v. Whelchel, 698 N.E.2d 1152, 1155 (Ind. 1998). Here, while Adams never filed an appearance by counsel and did not testify at trial, she did attend and

3

On June 17, 2013, a jury trial was held on the issue of liability only.[2] The trial court denied the motion for judgment on the evidence made by Perry and State Farm at the close of Isa's case. On June 18, at the close of all the evidence, Perry and State Farm again moved for judgment on the evidence or a directed verdict. The trial court granted the motion and entered a "directed verdict" in favor of "the defendants."[3] Appellant's App. at 15. Isa now appeals.

## DISCUSSION AND DECISION

Isa's complaint asserts negligence claims against Adams and Perry. To sustain an action for negligence, a plaintiff must establish: 1) a duty owed by the defendant to conform her conduct to a standard of care arising from her relationship with the plaintiff; 2) a breach of that duty; and 3) an injury proximately caused by the breach of that duty. Wilkerson v. Harvey, 814 N.E.2d 686, 689-90 (Ind. Ct. App. 2004), trans. denied.

Our standard of review in an appeal from a directed verdict or judgment on the evidence under Indiana Trial Rule 50 is well settled:

> When reviewing the trial court's ruling on a motion for judgment on the evidence, we will consider only the evidence most favorable to the nonmovant along with all reasonable inferences to be drawn therefrom. We must determine whether there was evidence of probative value supporting each element which would justify submission of the claim to the jury. If there is any probative evidence or reasonable inference to be drawn from the evidence or if reasonable people would differ as to the result, judgment on the evidence is properly denied. A motion for judgment on the evidence

testify at a deposition, which was subsequently admitted into the record at trial. There is nothing in the deposition testimony to suggest that she objected to the court's exercise of jurisdiction over her.

[2] On January 26, 2012, the court granted Schirato's motion for summary judgment and dismissed her from the case with prejudice.

[3] On June 26, 2013, the trial court issued an amended jury trial minute entry showing the grant of the motion for judgment on the evidence, correcting a punctuation error to clarify that judgment on the evidence was granted as to all of the Defendants.

4

should be granted only in those cases where the evidence is not conflicting and susceptible to one inference, supporting judgment for the movant. Thus, our role on review is no different from that of the trial court.

Deaton v. Robison, 878 N.E.2d 499, 501 (Ind. Ct. App. 2007) (internal quotation marks and citation omitted), trans. denied. In other words, we review an appeal from judgment on the evidence de novo. See id.

Isa asserts that we should review the trial court's grant of judgment on the evidence for an abuse of discretion. In support he cites Stowers v. Clinton Central School Corp., 855 N.E.2d 739, 747 (Ind. Ct. App. 2006), trans. denied. We acknowledge that Stowers and other panels of this court have stated the standard in terms of an abuse of discretion. See also Brewer v. Ind. Alcohol & Tobacco Comm'n, 954 N.E.2d 1023, 1028 (Ind. Ct. App. 2011), trans. denied. However, those cases have also stated that we review the court's decision using the same standard that the trial court used. Id.; Stowers, 855 N.E.2d at 747. To use the same standard as the trial court means that we use a de novo standard of review on appeal.

We also observe that the trial court entered judgment on the evidence for all Defendants, not just Perry and State Farm, the movants. At trial the court orally stated its reasoning for the order: "My ruling is based upon whether or not there's a preponderance of the evidence that can be gleaned from this [sic] from any of the parties here. And from what I heard in the evidence, here, basically, if anybody is at fault, it's all of them." Transcript at 160. Subsequently, addressing the jury, the court stated:

Ladies and gentlemen, at the close of a Plaintiff's case, this case, any other case, the other side is authorized or [sic] to file a motion for a directed verdict at point [sic], saying that the evidence that the Plaintiff presented doesn't

5

prove the claim by a preponderance of the evidence. That motion was made here and I denied it.

They put their case on, we went through it, and I heard the testimony as well as you did, and I found as a matter of law that there's no way that you can determine that Mr. Isa is less than 50 percent at fault.

So I have taken that decision away from you and entered a decision on behalf of the Defendants.

Id. The trial court's mention of fault in its ruling is a reference to Indiana's Comparative Fault Act.

The Comparative Fault Act, Indiana Code Section 34-51-2-6, provides a complete defense if contributory fault is "greater than the fault of all persons whose fault proximately contributed to the claimant's damages." See Ind. Code § 34-51-2-6(b) ("In an action based on fault that is brought against two (2) or more defendants, the claimant is barred from recovery if the claimant's contributory fault is greater than the fault of all persons whose fault proximately contributed to the claimant's damages."). But as a general rule "[f]ault apportionment under the Indiana Comparative Fault Act is uniquely a question of fact to be decided by the jury." Coffman v. PSI Energy, Inc., 815 N.E.2d 522, 530 (Ind. Ct. App. 2004), trans. denied. We think the trial court's reliance on the Comparative Fault Act was mistaken on these facts.

That said, we agree with the trial court's entry of judgment on the evidence because there is no evidence whatsoever to show that what happened here was anything more than an accident. Accidents happen—that is why they are called accidents—and while not every vehicular collision is the result of a no-fault mishap neither is every collision the result of another's tortious behavior.

In the language of the law of negligence, there is no evidence to show that any of the motorists breached his or her duty of care to the other motorists.[4] It is well settled that "[n]egligence cannot be inferred from the mere fact of an accident." Luphala v. Marion Cnty. Sheriff's Dep't, 868 N.E.2d 1155, 1159 (Ind. Ct. App. 2007) (quotation omitted). Here, however, Isa's argument is nothing more than an attempt to establish that the other motorists were negligent simply from the fact of the accident.

Indeed, the undisputed evidence shows the following: that the posted speed limit was seventy miles per hour; that, at the time of the collision, it was dark and snowing heavily and, as a result, the lane markers dividing the three lanes of I-94 were not visible; that all of the motorists lost control of their respective vehicles before the collisions occurred; that none of the vehicles were able to avoid hitting either the median barrier, another vehicle, or both; and that Isa's vehicle had come to rest with his front end facing the median and the back end blocking the far left passing lane of the highway at the time he was struck.

In sum, each motorist was unable to maintain control of his or her vehicle due to the weather conditions. There is no evidence that any of the drivers was driving in a manner inconsistent with the duty of care to other motorists at the time. As such, we affirm the trial court's grant of judgment on the evidence in favor of the Defendants.

---

[4] There is no dispute that the motorists owed each other a duty of care. All operators of motor vehicles have a general duty to use ordinary care to avoid injuries to other motorists, Wilkerson, 814 N.E.2d at 693, and motorists have a duty to conform their driving to the road and weather conditions, see Ind. Code § 9-21-5-4.

Affirmed.

BAKER, J., concurs.

CRONE, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

ARAFAT ISA,                                      )
                                                 )
    Appellant-Plaintiff,      )
                                                 )
      vs.            )    No. 64A04-1307-CT-349
                                                 )
CATHERINE A. ADAMS, CHRISTOPHER J. )
PERRY, and STATE FARM INSURANCE    )
COMPANY,                           )
                                                 )
    Appellees-Defendants.     )

**CRONE, Judge, dissenting**

I respectfully dissent. "[F]ault apportionment under the Indiana Comparative Fault Act is uniquely a question of fact to be decided by the jury. While at some point the apportionment of fault may become a question of law for the court, that point is reached only when there is no dispute in the evidence and the factfinder is able to come to only one logical conclusion." *Hampton v. Moistner*, 654 N.E.2d 1191, 1195 (Ind. Ct. App. 1995) (citation omitted). That point was not reached here, and I believe that the trial court erred in concluding otherwise.

I also believe that the majority has erred in concluding that none of the drivers was negligent. Adams testified that she lost control of her Cadillac, struck the median wall, and was hit by two vehicles. According to Adams, Schirato and Perry told her that they

had hit her Cadillac.  Adams did not see who hit Isa's Impala.  Isa testified that he saw Adams's and Schirato's vehicles collide.  He slowed down and spun out of control.  When he came to a stop, he saw Adams's and Schirato's vehicles on the right side of the road.  Isa did not see the vehicle that hit his, but when he regained consciousness after the collision, he saw Perry's Dodge Charger in front of him.  Schirato testified that she saw Adams's Cadillac strike the median wall and then hit Isa's Impala.  Schirato braked, spun out of control, and came to a stop in the right lane.  According to Schirato, Perry's Charger hit Adams's Cadillac and pushed it into her minivan.  Schirato did not see Perry hit Isa's Impala.  Perry testified that he saw "a couple of cars out of control in front of [him]" but did not remember which vehicle he hit.  Tr. at 95, 99.[5]

The majority states that "each motorist was unable to maintain control of his or her vehicle due to the weather conditions" and that "[t]here is no evidence that any of the drivers was driving in a manner inconsistent with the duty of care to other motorists at the time."  Slip op. at 7.  On the contrary, the evidence strongly suggests that some, if not all, of the motorists were driving too fast for the road, weather, and visibility conditions and that some, if not all, of the motorists failed to keep a proper lookout.  In other words, the evidence strongly suggests that some, if not all, of the motorists breached their duty to exercise reasonable care.  The jurors should have been allowed to weigh all the evidence and the judge the witnesses' credibility and make up their own minds about whether the various motorists breached their duty of care and whether and to what extent those breaches proximately caused Isa's injuries.  Accordingly, I would reverse and remand for a new trial.

---

[5] Perry's testimony is notable for how little he remembered about the collisions, especially in comparison with the other motorists.