[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14238
_____

D.C. Docket No. 3:10-cv-01228-HGD


MARK A. DOWDY,

Plaintiff - Appellant,

versus

SUZUKI MOTOR CORPORATION,
AMERICAN SUZUKI MOTOR CORPORATION,

Defendants - Appellees,

SUZUKI MANUFACTURING OF AMERICA CORPORATION,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 30, 2014)

Before MARCUS and ANDERSON, Circuit Judges, and TREADWELL,[*] District Judge.

PER CURIAM:

Appellant Mark A. Dowdy appeals from a district court order granting final summary judgment on his product liability claim in favor of appellees Suzuki Motor Corporation and American Suzuki Motor Corporation. Dowdy claims that a defective part in his Suzuki motorcycle broke and wedged in the bike's machinery, causing him to have a serious road accident. Because Dowdy's own expert witness provided undisputed testimony that such wedging would be impossible, however, the district court concluded that the record evidence could not support Dowdy's sole theory of causation. After thorough review, we affirm.

I.

Viewed in the light most favorable to the non-moving party, the essential facts are these. On the morning of May 13, 2008, Mark Dowdy was on his way to work when he lost control of his Suzuki VL 1500 motorcycle and crashed into an oncoming Dodge Ram pickup truck. As he approached a curve in a two-lane Indiana highway, his rear wheel locked up. Dowdy tried to turn, but he crossed the center line and collided with the truck. The truck weighed more than 6,000 pounds and the motorcycle less than 700. The accident rendered Dowdy paraplegic.

---

[*] Honorable Marc T. Treadwell, United States District Judge for the Middle District of Georgia, sitting by designation.

In his opposition to summary judgment, Dowdy presented only one theory of causation, which depended entirely on a report and deposition testimony of expert witness, and engineer, Robert Tolbert. According to Tolbert, the accident occurred because (1) the bike's output shaft fractured due to a design defect, (2) this fracturing caused the drive shaft and universal joint to break loose and wedge inside the swing arm assembly tube, and (3) this wedging forced the bike's rear wheel to lock, which made Dowdy lose control of the bike and crash. This theory of the accident expressly turned on Tolbert's belief that the swing arm assembly tube was "oval, NOT round" in shape. Tolbert explained that the drive shaft tube and universal joint became stuck, or wedged, in the oval's minor axis. Tolbert observed that scarring in the swing arm assembly tube was consistent with wedging. However, Tolbert explained that such wedging simply "wouldn't be possible" if the swing arm assembly tube were round instead of oval. In addition, he stated that there was "no evidence" that any mechanical failure other than the wedging event in the oval tube caused the accident.

Unfortunately for the plaintiff, Tolbert was mistaken about the shape of the swing arm assembly tube. The tube was in fact round, not oval, before impact with the truck. Precisely because Tolbert provided undisputed testimony that wedging could not occur in a round tube, the district court concluded that the plaintiff's

3

entire theory of causation failed and, therefore, granted summary judgment to the defendants.

## II.

On appeal, Dowdy argues, nevertheless, that summary judgment was not proper because there remained a genuine issue of material fact as to whether wedging in the swing arm assembly tube caused his motorcycle accident. We, like the district court, are unpersuaded.

We review a district court's order granting summary judgment de novo, applying the same standard as the district court. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1236 (11th Cir. 2003). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing whether this standard is met, we must view the evidence and draw all reasonable factual inferences in favor of the nonmoving party. Strickland v. Norfolk S. Ry. Co., 692 F.3d 1151, 1154 (11th Cir. 2012). There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Put differently, the movant is entitled to judgment as a matter of law where "the nonmoving party has failed to make a sufficient showing on an

essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Since the district court here was sitting in diversity in Alabama, we must apply Alabama's choice-of-law rules. Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir. 2005). Under the principle of lex loci delicti, Alabama courts "determine the substantive rights of an injured party according to the law of the state where the injury occurred." Etheredge v. Genie Indus., Inc., 632 So. 2d 1324, 1325 (Ala. 1994) (quoting Fitts v. Minn. Mining & Mfg. Co., 581 So. 2d 819, 820 (Ala. 1991)). Dowdy was injured in Indiana. Therefore, Indiana law governs his product liability claims.

Under controlling Indiana law, products liability claims require proof that the injury sustained was proximately caused by the alleged product defect. Kovach v. Caligor Midwest, 913 N.E.2d 193, 197 (Ind. 2009). Proximate cause has two components: (1) causation-in-fact, by which the plaintiff must show that, but for the defendant's allegedly tortious act or omission, the injury at issue would not have occurred, and (2) scope of liability, which asks whether the injury was a natural and probable consequence of the defendant's conduct that should have been foreseen. Id. 197-98. To prove causation, the plaintiff must present evidence that rises above "supposition or speculation." Luphahla v. Marion Cnty. Sheriff's Dep't, 868 N.E.2d 1155, 1158 (Ind. Ct. App. 2007); Smith v. Beaty, 639 N.E.2d

5

1029, 1033-34 (Ind. Ct. App. 1994). Although causation-in-fact is ordinarily a factual question reserved for the jury, where reasonable minds "cannot disagree" as to causation, under Indiana law the issue may become a question of law for the court to decide. Kovach, 913 N.E.2d at 198. Proximate cause is a matter of law "in plain and indisputable cases, where only a single inference or conclusion can be drawn." Peters v. Forster, 804 N.E.2d 736, 743 (Ind. 2004).

Summary judgment is appropriate here because Dowdy's sole theory of causation fails on its own terms. Dowdy's expert witness provided unambiguous testimony that wedging "wouldn't be possible" in a round swing arm assembly tube. In fact, the tube was round. Since Tolbert's theory of the accident was based entirely on the plainly and indisputably erroneous belief that the tube was oval, and Tolbert himself stated that his theory could not apply to a round tube, his testimony cannot establish that a defect in the bike was the cause-in-fact of the accident.

Dowdy claims, however, that although Tolbert was wrong about the shape of the tube, other evidence supported the conclusion that wedging occurred. Specifically, Tolbert observed that the marks in the swing arm assembly tube were consistent with wedging. But Dowdy cannot square his theory of the accident with his expert's undisputed testimony that wedging would be impossible in a round tube. In the absence of expert testimony (or any other evidence) explaining how wedging might occur in a round tube, Dowdy's attempt to revive Tolbert's causal

conclusion is based wholly on speculation, which is insufficient to establish causation. See Luphahla, 868 N.E.2d at 1158; Smith, 639 N.E.2d at 1033-34.

Because Dowdy did not present sufficient evidence to create a dispute of material fact as to whether a defect in his motorcycle was the cause-in-fact of his accident, the district court properly concluded that the defendants were entitled to summary judgment.

**AFFIRMED.**